J-S43007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TOMAS MIGUELE MATTHEWS | : | |
| | : | |
| Appellant | : | No. 224 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 15, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003987-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:     **FILED: OCTOBER 17, 2019**

Appellant, Tomas Miguele Matthews, appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas, following his jury trial convictions for two counts of unlawful restraint and one count each of aggravated assault and simple assault.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On April 3, 2017, while incarcerated at Lancaster County Prison, Appellant assaulted two inmates, Victims 1 and 2.  Appellant followed Victims back to their cell during blockout (prison free time) and closed the door behind him, causing it to lock.  Victim 2 heard the door close and turned around.  Appellant

_____

[1] 18 Pa.C.S.A. §§ 2902(a)(1), 2702(a)(1), and 2701(a)(1), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

punched Victim 2 in the eye. Appellant then began beating Victim 1. During the assault, Victim 1 struck his head on a corner wall causing him to fall to the ground. Appellant continued to kick and punch Victim 1 until he was rendered unconscious. Due to Appellant's attack, Victim 1 suffered a brain injury that resulted in internal bleeding. Victim 1 also suffered facial and skull fractures, as well as severe bruising. Victim 2 suffered an eye injury and a nosebleed.

On August 28, 2018, a jury convicted Appellant of the offenses. With the benefit of a presentence investigation ("PSI") report, the court sentenced Appellant on November 15, 2018, to an aggregate term of sixteen (16) to thirty-two (32) years' incarceration. On November 24, 2018, Appellant filed a timely post-sentence motion, which the court denied on January 7, 2019. Appellant filed a timely notice of appeal on February 6, 2019. On the same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of a concise statement, counsel filed a Rule 1925(c)(4) statement on February 27, 2019, of her intent to file an **Anders**[2] brief. On June 17, 2019, counsel filed an application to withdraw and an **Anders** brief in this Court.

As a preliminary matter, counsel seeks to withdraw her representation pursuant to **Anders, supra** and **Commonwealth v. Santiago**, 602 Pa. 159,

_____

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

978 A.2d 349 (2009). ***Anders*** and ***Santiago*** require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. ***Santiago, supra*** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super. 2006). ***See also Commonwealth v. Dempster***, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In ***Santiago, supra***, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither ***Anders*** nor [***Commonwealth v. McClendon***, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal.

\* \* \*

Under ***Anders***, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

***Santiago, supra*** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Id.*** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might possibly support Appellant's issues. Counsel further states the reasons for the conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of ***Anders*** and ***Santiago***.

Appellant has not responded to the ***Anders*** brief *pro se* or with newly-

retained private counsel. Counsel raises the following issue on Appellant's behalf:

> SHOULD APPELLATE COUNSEL BE GRANTED LEAVE TO WITHDRAW AS COUNSEL BECAUSE ANY APPELLATE ISSUES IN THE INSTANT CASE ARE FRIVOLOUS?

(*Anders* Brief at 5).

Appellant initially argues that the evidence presented at trial was insufficient to sustain his convictions for aggravated assault, simple assault, and unlawful restraint. We disagree.

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v.*

*Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

The Pennsylvania Crimes Code defines aggravated assault, in relevant part, as follows:

> **§ 2702.  Aggravated assault**
>
> **(a) Offense defined.—**A person is guilty of aggravated assault if he:
>
>> (1)   attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;
>
> *   *   *

18 Pa.C.S.A. § 2702(a)(1).   The Crimes Code defines simple assault, in relevant part, as:

> **§ 2701.  Simple Assault**
>
> **(a) Offense defined.—**Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
>> (1)   attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;
>
> *   *   *

18 Pa.C.S.A § 2701(a)(1).  Finally, unlawful restraint is defined, in relevant part, as:

> **§ 2902. Unlawful restraint**
>
> **(a) Offense defined.—**A person commits a misdemeanor of the first degree if he knowingly:
>
>> (1)   restrains another unlawfully in circumstances exposing him to risk of serious bodily injury;

\*    \*    \*

18 Pa.C.S.A. § 2902(a)(1).

Instantly, the Commonwealth presented at trial, *inter alia*: (1) testimony from both Victims describing how Appellant entered their cell, locked the door, and assaulted them; (2) testimony from multiple Lancaster County Prison corrections officers who responded to the medical emergency at Victims' cell, observed Appellant in the locked cell with blood dripping from his hands, and discovered an unresponsive Victim 1 and an injured Victim 2; (3) testimony from several Lancaster County Prison corrections officers that Appellant admitted to beating Victim 1 and hitting Victim 2; (4) testimony from Lancaster County Prison nurses concerning the extent of Victims' injuries, and the lack of injury to Appellant; (5) testimony from Lancaster County Prison volunteer minister, Reverend Charles Ray, concerning a letter he received from Appellant in which Appellant confessed to assaulting two men and almost killing one of them; and (6) testimony from neurosurgeon, Dr. Pawel Ochalski, regarding Victim 1's injuries and the life-saving surgery required to drain the fluid gathering around Victim 1's brain as a result. Viewed in the light most favorable to the Commonwealth as verdict-winner, the evidence was sufficient to convict Appellant of aggravated assault, simple assault, and unlawful restraint. **See** 18 Pa.C.S.A. §§ 2702(a)(1), 2701(a)(1), and 2902(a)(1); **Hansley, supra**.

Appellant's second, third, and fourth arguments implicate the trial

court's decision to admit certain evidence at trial. "The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error." *Commonwealth v. Ballard*, 622 Pa. 177, 197-98, 80 A.3d 380, 392 (2013), *cert. denied*, 573 U.S. 940, 134 S.Ct. 2842, 189 L.Ed.2d 824 (2014).

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Goldman*, 70 A.3d 874, 878-79 (Pa.Super. 2013), *appeal denied*, 624 Pa. 672, 85 A.3d 482 (2014). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Commonwealth v. Lopez*, 57 A.3d 74, 81 (Pa.Super. 2012), *appeal denied*, 619 Pa. 678, 62 A.3d 379 (2013).

In his second issue, Appellant argues the trial court should have barred Sergeant Thomas Jenkins' testimony regarding Appellant's statement, "[he] did what [he] had to do," which he made in response to Sergeant Jenkins' comment that Appellant would have avoided punishment if he had not gotten into a fight. (N.T. Trial, 8/27/18, at 192.) Appellant asserts the trial court improperly admitted the statement where Appellant had not received

*Miranda*[3] warnings prior to his conversation with Sergeant Jenkins.  We disagree.

The principles surrounding *Miranda* warnings are well settled:

> The prosecution may not use statements stemming from a custodial interrogation of a defendant unless it demonstrates that he was apprised of his right against self-incrimination and his right to counsel.  Thus, *Miranda* warnings are necessary any time a defendant is subject to a custodial interrogation.  …[T]he *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent.  Moreover, in evaluating whether *Miranda* warnings were necessary, a court must consider the totality of the circumstances.
>
> In conducting the inquiry, [a court] must also keep in mind that not every statement made by an individual during a police encounter amounts to an interrogation.  Volunteered or spontaneous utterances by an individual are admissible even without *Miranda* warnings.

*Commonwealth v. Gaul*, 590 Pa. 175, 180, 912 A.2d 252, 255 (2006), *cert. denied*, 552 U.S. 939, 128 S.Ct. 43, 169 L.Ed.2d 242 (2007) (internal citations and quotations marks omitted).

Instantly, in response to Appellant's complaints regarding solitary blockout, Sergeant Jenkins told Appellant he could have avoided this punishment by not getting into a fight.  Appellant replied, "[He] did what [he] had to do." (*See* N.T. Trial, 8/27/18, at 192.)  Appellant's comment was made in the course of a conversation initiated by Appellant's complaints.  Sergeant

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Jenkins' response to the comment was not a question; it was a simple statement of fact. Though Appellant was in custody at the time of the conversation, Sergeant Jenkins' response was not intended to prompt an incriminating response or constitute a form of custodial interrogation. *See Gaul, supra*. Thus, the trial court did not abuse its discretion in admitting Appellant's statement to Sergeant Jenkins. *See Ballard, supra*.

In his third issue, Appellant contends the letter he sent from prison to Reverend Ray, a volunteer minister who visited Appellant in prison, constituted a confidential communication to clergy. As a result, Appellant maintains the trial court improperly admitted the letter as evidence at trial. We disagree.

Pennsylvania provides a number of statutory protections for confidential communications between certain persons. *See, e.g.,* 42 Pa.C.S.A. § 5916 (attorney-client privilege in criminal matters); Section 5943 (clergy-communicant privilege); Section 5944 (psychiatrist-patient privilege); Section 5945.1 (sexual assault counselor-victim privilege). The right to a statutory privilege can be waived, however. *See generally Commonwealth v. Davis*, 543 Pa. 628, 674 A.2d 214 (1996) (holding victim and his family waived absolute privilege afforded sexual assault counselor's records by permitting prosecution to have access to records); *Commonwealth v. Santiago*, 541 Pa. 188, 662 A.2d 610 (1995), *cert. denied*, 516 U.S. 1053, 116 S.Ct. 722, 133 L.Ed.2d 674 (1996) (stating defendant waived psychiatrist-patient

privilege by deciding to pursue insanity defense at trial). Additionally, this Court has stated that an individual generally "has no constitutional right to privacy in his non-privileged prison mail." **Commonwealth v. Moore**, 928 A.2d 1092, 1102 (Pa.Super. 2007).

The Pennsylvania statute protecting confidential information acquired by members of the clergy provides:

> No clergyman, priest, rabbi or minister of the gospel of any regularly established church or religious organization, except clergymen or ministers, who are self-ordained or who are members of religious organizations in which members other than the leader thereof are deemed clergymen or ministers, who while in the course of his duties has acquired information from any person secretly and in confidence shall be compelled, or allowed without consent of such person, to disclose that information in any legal proceeding, trial or investigation before any government unit.

42 Pa.C.S.A. § 5943. "Pennsylvania courts have interpreted our clergy-communicant privilege as applying only to confidential communications between a communicant and a member of the clergy in [the] role as confessor or spiritual counselor." **Commonwealth v. Stewart**, 547 Pa. 277, 283, 690 A.2d 195, 197-98 (1997) (internal emphasis omitted).

Instantly, Appellant sent a letter to Reverend Ray while Appellant was in Lancaster County Prison. At trial, Lancaster County Prison Criminal Investigator, Charles Stevens, authenticated a prison Property Receipt Form that contained the following warning:

> [A]ll incoming and outgoing inmate mail is subject to inspection, examination and review at any time. In

- 11 -

accordance with Pennsylvania law, inmates have no [expectation] of privacy in their mail, and the purpose of this notice is to advise inmates of such and to clarify that there is nothing in the policies or protocols of Lancaster County Prison that would create an expectation.

The only exception is mail which is properly identified as legal correspondence between the inmate and his/her designated counsel.

(*See* N.T. Trial, 8/27/18, at 218-19.) Appellant's signature appeared on the bottom of the form, showing Appellant acknowledged he knew about the prison mail inspection policy. Appellant was therefore aware that his letter to Reverend Ray, which did not constitute legal correspondence, was subject to possible review by prison officials and was no longer confidential. By voluntarily sending the letter through the prison mailing system anyway, Appellant waived his clergy-communicant privilege. *See generally Davis, supra*; *Santiago, supra*. Absent any right to the privacy in his non-privileged letter, we conclude the trial court did not abuse its discretion in admitting the letter as evidence. *See Ballard, supra*; *Moore, supra*.

In his fourth issue, Appellant further alleges Victim 2's statement to prison officials at the scene of the assault, which was recorded on Sergeant Jenkins' body camera, was hearsay and was not subject to any hearsay exception. Appellant contends the trial court improperly admitted the statement as evidence at trial. We disagree.

Pennsylvania Rule of Evidence 613 governs prior consistent statements as follows:

**Rule 613. Witness's Prior Inconsistent Statement to Impeach; Witness's Prior Consistent Statement to Rehabilitate**

\* \* \*

**(c) Witness's Prior Consistent Statement to Rehabilitate.** Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:

(1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; or

(2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness' denial or explanation.

Pa.R.E. 613(c).

Instantly, on Sergeant Jenkins' body camera video, Victim 2 can be heard saying that Appellant hit Victim 2 in the face when Appellant entered Victim 2's cell while Victim 2 was using the toilet. Prior to trial, defense counsel argued this statement was hearsay and was not subject to any hearsay exception. The Commonwealth agreed not to introduce the evidence of Victim 2's video recorded statement unless defense counsel challenged Victim 2's credibility. On cross examination, defense counsel tested Victim 2's recollection of the assault, suggesting Victim 2 had told differing stories to various prison officials, for example, Victim 2 told Officer Evan Marin that Appellant punched Victim 2 while he was leaving the cell and Victim 2 told

- 13 -

Sergeant Michael Hersh that Appellant punched Victim 2 while he was trying to pull Appellant off of his cellmate, Victim 1. Victim 2 denied these differing stories. Instead, Victim 2 repeatedly asserted that Appellant hit Victim 2 in the face when he turned around while using the toilet in his prison cell. Later in the trial, the Commonwealth introduced Victim 2's video recorded statement regarding the details of the assault, which matched his trial testimony concerning how Appellant hit him as he turned around while using the toilet in his cell. Defense counsel even agreed that the statement had become relevant as a prior consistent statement. Thus, the Commonwealth properly introduced Victim 2's video recorded statement as a prior consistent statement intended to rehabilitate Victim 2's credibility. **See** Pa.R.E. 613(c). The trial court, therefore, did not abuse its discretion in admitting the statement as evidence at trial. **See Ballard, supra**.

In his fifth issue, Appellant asserts the Commonwealth improperly remarked on the credibility of witnesses during the Commonwealth's closing argument. Appellant contends that, in doing so, the district attorney committed prosecutorial misconduct. We disagree.

"Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion." **Commonwealth v. Harris**, 884 A.2d 920, 927 (Pa.Super. 2005), *appeal denied*, 593 Pa. 726, 928 A.2d 1289 (2007).

> In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a

- 14 -

perfect one.

> Not every unwise remark on a prosecutor's part constitutes reversible error.  Indeed, the test is a relatively stringent one.  Generally speaking, a prosecutor's comments do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward [the defendant] so that they could not weigh the evidence objectively and render a true verdict.  Prosecutorial misconduct, however, will not be found where comments…were only oratorical flair.  In order to evaluate whether comments were improper, we must look to the context in which they were made.  Finally, when a trial court finds that a prosecutor's comments were inappropriate, they may be appropriately cured by a cautionary instruction to the jury.

*Id.* at 927.  "[A] new trial is required only when a prosecutor's improper remarks are prejudicial, *i.e.,* when they are of such a nature or delivered in such a manner that they may reasonably be said to have deprived the defendant of a fair and impartial trial." ***Commonwealth v. Davis***, 554 A.2d 104, 111 (Pa.Super. 1989), *appeal denied*, 524 Pa. 617, 571 A.2d 380 (1989).

"A prosecutor has great discretion during closing argument.  Indeed, closing 'argument' is just that: argument." ***Commonwealth v. Brown***, 911 A.2d 576, 580 (Pa.Super. 2006), *appeal denied*, 591 Pa. 722, 920 A.2d 830 (2007). "[T]he prosecutor may fairly respond to points made in the defense closing.  Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom…." ***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa.Super. 2012), *appeal denied*, 620 Pa. 720, 69 A.3d 600 (2013).

Instantly, defense counsel's closing argument challenged Victim 2's

credibility and argued that Appellant was credible. The prosecutor responded to defense counsel's argument as follows:

> And I'd suggest to you when you go back there and you weigh the credibility of the witness, and [Appellant] had no obligation to testify, but because he did, you can weigh his credibility equally as everybody else. And I suggest to you when you go back there and weigh those, that [Victim 1] and [Victim 2] are credible, [Appellant] is not.

(*See* N.T. Trial, 8/27/18, at 351.) Defense counsel objected to the prosecutor's comments and requested a mistrial, which the court denied. Here, in closing, defense counsel had attacked Victim 2's credibility and vouched for Appellant's credibility, thereby opening the door for the prosecutor to comment on Appellant's credibility. The prosecutor's comments constituted fair response to defense counsel's closing argument. *See Hogentogler, supra*. Thus, Appellant's claim of prosecutorial misconduct warrants no relief. *See Harris, supra*.

Appellant next claims that his 2010 kidnapping conviction in Arizona does not qualify as a previous "crime of violence" under 42 Pa.C.S.A. § 9714. As a result, Appellant concludes the trial court erred when it deemed Appellant a "second-strike" offender subject to a mandatory minimum sentence of ten (10) years for his current aggravated assault conviction. We disagree.

Collateral estoppel, also known as issue preclusion, is embodied in the Fifth Amendment's guarantee against double jeopardy. *Commonwealth v. Tolbert*, 670 A.2d 1172, 1178 (Pa.Super. 1995), *appeal denied*, 548 Pa. 617, 693 A.2d 588 (1997), *cert. denied*, 522 U.S. 891, 118 S.Ct. 230, 139 L.Ed.2d

162 (1997). "[W]hen an issue of ultimate fact has once been determined by a valid and final judgement, that issue cannot again be litigated between the same parties in any future court proceeding." *Id.* While collateral estoppel does not automatically bar a subsequent prosecution, it "does bar redetermination in a second prosecution of those issues necessarily determined between the parties in a first proceeding that has become a final judgment." *Commonwealth v. States*, 595 Pa. 453, 458, 938 A.2d 1016, 1020 (2007). Traditionally,

> Pennsylvania courts have applied the collateral estoppel doctrine only if the following threshold requirements are met: 1) the issues in the two actions are sufficiently similar and sufficiently material to justify invoking the doctrine; 2) the issue was actually litigated in the first action; and 3) final judgment on the specific issue in question was issued in the first action. An issue is actually litigated when it is properly raised, submitted for determination, and then actually determined. For collateral estoppel purposes, a final judgment includes any prior adjudication of an issue in another action that is sufficiently firm to be accorded conclusive effect.

*Commonwealth v. Holder*, 569 Pa. 474, 479, 805 A.2d 499, 502-03 (2002) (internal citations omitted).

Instantly, Appellant was convicted of kidnapping in Arizona in 2010. On January 27, 2017, Appellant was convicted in Lancaster County of, *inter alia*, aggravated assault and rape at Docket No. 3836-2015. Based on Appellant's prior conviction for kidnapping in Arizona, the court determined Appellant was a second-strike offender pursuant to 42 Pa.C.S.A. § 9714. Consequently, the court sentenced Appellant on August 4, 2017, to the ten-year mandatory

minimum sentences for his aggravated assault and rape convictions. In his appeal from his 2017 judgment of sentence, Appellant questioned whether the elements of the Arizona kidnapping statute were sufficiently comparable to the elements of the Pennsylvania kidnapping statute in order for his Arizona kidnapping conviction to constitute a previous crime of violence under Section 9714. The Superior Court affirmed the trial court's decision on August 22, 2018, and adopted the trial court's thorough analysis including the court's determination that the kidnapping statutes were sufficiently similar. Our Supreme Court denied allowance of appeal on February 13, 2019.

Here, Appellant was convicted of aggravated assault. Because Appellant committed the current offense before his sentencing for rape and aggravated assault at Docket No. 3836-2015, the court in the present case again sentenced Appellant as a second-strike offender under Section 9714 to a ten-year mandatory minimum sentence. As he did in his 2017 appeal, Appellant now attempts to argue that the Arizona kidnapping statute was not similar enough to the Pennsylvania kidnapping statute for his 2010 Arizona kidnapping conviction to count as a prior crime of violence under Section 9714. This exact question, however, has already been finally determined in Appellant's previous appeal. Thus, Appellant is precluded from relitigating it now. *See id.*; *Tolbert, supra*.

Finally, Appellant contends the sentence was an abuse of discretion because the court sentenced Appellant (1) beyond the aggravated range for

unlawful restraint, (2) to consecutive sentences for each offense, and (3) to a sentence that runs consecutively to the sentence imposed on August 4, 2017 at Docket No. 3836-2015. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Dunphy*, 20 A.3d 1215 (Pa.Super. 2011) (stating claim that sentencing court failed to offer adequate reasons to support sentence challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant

must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting **Commonwealth v. Williams**, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). "A claim that the sentencing court imposed an

unreasonable sentence by sentencing outside the guideline ranges raises a 'substantial question' which is reviewable on appeal." ***Commonwealth v. Davis***, 737 A.2d 792 (Pa.Super. 1999). Additionally,

> Pennsylvania law affords the sentencing court discretion to impose [a] sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

***Austin, supra*** at 808 (internal citations and quotation marks omitted).

Instantly, Appellant properly preserved his discretionary aspects of sentencing claim in his post-sentence motion. Additionally, the failure of Appellant's counsel to include a Rule 2119(f) statement is not fatal to our review of Appellant's discretionary aspects of sentencing issue. ***See Commonwealth v. Ziegler***, 112 A.3d 656, 661 (Pa.Super. 2015) (explaining failure to include Rule 2119(f) statement in ***Anders*** brief does not preclude review of discretionary aspects of sentencing claim, even if Commonwealth objects, because we still have "to examine the merits of the appeal to determine if it is 'wholly frivolous' so as to permit counsel's withdrawal"). ***See also Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (noting ***Anders*** situation allows review of issues otherwise waived on appeal due to defective Rule 2119(f) statement). As presented, Appellant's claim concerning a sentence beyond the aggravated range for unlawful restraint

appears to raise a substantial question. *See Davis, supra*.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the

case and the defendant's character. *Id.* "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Commonwealth v. Griffin,* 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when sentencing Appellant. *See Commonwealth v. Tirado*, 870 A.2d 362 (Pa.Super. 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also thoroughly explained its finding of aggravating circumstances as follows:

> The [c]ourt would note that even if the mandatory 10-year sentence was not applicable, there are aggravating circumstances in this case which would warrant a sentence above the standard range of the sentencing guidelines on the charges of aggravated assault and unlawful restraint.
>
> The [c]ourt would cite as aggravating circumstances, first, the brutality of this vicious attack by [Appellant]; the fact that it occurred in a prison facility while [Appellant] was awaiting sentence after being convicted of other crimes of violence; the sentencing guidelines in this case do not adequately reflect [Appellant's] prior crimes of violence, because this assault occurred while [Appellant] was incarcerated awaiting sentence after being convicted of rape, aggravated assault and other related offenses on Docket 3836 of 2015. Because [Appellant] had not yet been sentenced on those crimes, those offenses are not reflected on the sentencing guidelines.
>
> Additionally, because [Appellant] had not yet been

> sentenced, the prior rape conviction does not qualify as a second strike. But if [Appellant] had been sentenced on that docket prior to this incident, he would be looking at a mandatory minimum sentence of 25 years in jail for a third strike.
>
> Additionally, [Appellant] is an extreme danger to society. And the intent of this sentence is to incarcerate [Appellant] for the longest period of time possible to ensure he is not released into society where he will no doubt commit another crime of violence against an innocent victim.

(**See** N.T. Sentencing Hearing, 11/15/18, at 24-25.) The record supports the court's reasoning. Therefore, Appellant's sentencing challenge fails. **See Hyland, supra**.

Thus, Appellant is not entitled to relief on any of the grounds asserted. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. **See Dempster, supra**. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2019