J. S37045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRUCE REESE, | : | No. 2953 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered September 26, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013539-2011

BEFORE:  SHOGAN, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED DECEMBER 1, 2020**

Bruce Reese appeals the September 26, 2019 order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

A previous panel of this court set forth the facts of this case on direct appeal and we need not repeat them here. ***See Commonwealth v. Reese***, No. 52 EDA 2013, unpublished memorandum at 1-3 (Pa.Super. filed June 23, 2015) (***en banc***).  The PCRA court set forth the following procedural history:

> On October 5, 2012, at the conclusion of his jury trial, [appellant], represented by Jonathan Altschuler, Esq., was found guilty on four counts of robbery, one count of conspiracy and one count of possession of an

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

instrument of a crime.[2] On November 20, 2012, [appellant], again represented by Mr. Altschuler, was sentenced to an aggregate period of confinement in a state correctional institution of 15 to 30 years. On December 10, 2012, [appellant], now represented by Jonathan Frisby, Esq., timely filed a direct appeal to the Superior Court of Pennsylvania, at 52 EDA 2013. On August 9, 2014, a divided three judge panel issued an order reversing [appellant]'s judgment of sentence. However, on October 3, 2014, [the] Superior Court withdrew that opinion and, on June 23, 2015, [the] Superior Court issued an *en banc* order affirming [appellant]'s convictions. However, [the] Superior Court, *sua moto*, vacated [appellant]'s sentence and remanded the matter back for resentencing, finding [appellant]'s sentence to be illegal, pursuant to *Alleyne v. United States*, [570] U.S. [99], 133 S.Ct. 2151 (2013), and its progeny[.]

On April 25, 2016, the [trial] court, after a hearing, resentenced [appellant], now represented by David M. Simon, Esq., and re-imposed his original sentence. On May 23, 2016, [appellant] timely filed a direct appeal to the Superior Court at 1661 EDA 2016. Subsequently, on October 4, 2016, [the] Superior Court granted [appellant]'s motion to withdraw this appeal.

On September 5, 2017, [appellant] filed the subject timely *pro se* PCRA petition pursuant to 42 Pa.C.S.A. § 9541, et seq., seeking a new trial, alleging ineffectiveness of counsel. On September 27, 2017, Susan V. Buck, Esq., was appointed as counsel to represent [appellant] for the purposes of his PCRA petition. On July 9, 2018, Ms. Buck filed a counseled amended PCRA petition (first amended petition). On July 10, 2018, the [PCRA] court permitted Ms. Buck to withdraw her appearance, and, on July 12, 2018, appointed Peter A. Levin, Esq., to represent [appellant] for the purposes of his PCRA petition. On October 15, 2018, Mr. Levin filed a second counseled amended PCRA petition (second amended petition),

---

2 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 903, and 907(a), respectively.

> averring appellate counsel, Mr. Frisby, was ineffective for failing to file a petition for allocator [sic] with the Supreme Court of Pennsylvania.
>
> [Hearings on appellant's PCRA petition were held on June 13 and September 26, 2019.] On September 26, 2019, the [PCRA] court, after [the] hearing and a careful review of the record, issued an order dismissing [appellant]'s PCRA petition as being without merit. On October 10, 2019, [appellant] timely filed the instant direct appeal to the Superior Court of Pennsylvania.
>
> On October 18, 2019, [the PCRA] court filed and served on [appellant] an order[,] pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a statement of errors complained of on appeal, within 21 days of the [PCRA] court's order. On November 8, 2019, [appellant] timely filed his "Statement of Matters Complained of on Appeal . . ."

PCRA court Rule 1925(a) opinion, 1/8/20 at 1-3 (footnote and extraneous capitalization omitted). Thereafter, the PCRA court filed its Rule 1925(a) opinion.

On appeal, appellant raises the following issues:

1. Whether appellate counsel was ineffective for not filing an [a]llocatur [petition] to the Pennsylvania Supreme Court?

2. Whether the PCRA court was in error in not allowing [a]ppellant to file a supplemental PCRA?

Appellant's brief at 8.

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed

in the light most favorable to the prevailing party." *Commonwealth v. Sam*, 952 A.2d 565, 573 (Pa. 2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014). In contrast, where the appellant "raises questions of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Appellant claims his appellate counsel was ineffective for failing to file a petition for allocatur to our supreme court following the June 23, 2015 ruling of this court. (Appellant's brief at 8, 14-21.)

> In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective. To overcome this presumption, [a]ppellant must establish three factors. First, that the underlying claim has arguable merit. Second, that counsel had no reasonable basis for his action or inaction. In determining whether counsel's action was reasonable, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. Finally, [a]ppellant must establish that he has been prejudiced by counsel's ineffectiveness; in order to meet this burden, he must show that but for the act or omission in question, the outcome of the proceedings would have been different. A claim of

> ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs.

*Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007) (citations and quotation marks omitted).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Commonwealth v. Watson*, 835 A.2d 786, 793 (Pa.Super. 2003). Furthermore, "a court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the *Strickland*[3] test, the court may proceed to that element first." *Commonwealth v. Lesko*, 15 A.3d 345, 374 (Pa. 2011). "If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings,

---

[3] *Strickland v. Washington*, 466 U.S. 668 (1984) (holding that to establish ineffectiveness, appellant must show the underlying claim has arguable merit, there was no reasonable basis for counsel's actions or failure to act, and appellant was prejudiced).

the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met." *Commonwealth v Albrecht*, 720 A.2d 693, 701 (Pa. 1998).

Appellant claims his trial counsel was ineffective for not filing a petition for allowance of appeal to our supreme court after this court vacated appellant's sentence and remanded the matter for resentencing. "[W]hile a defendant does not have an automatic right to an appeal in the [s]upreme [c]ourt, he has a right to *file* a PAA,[4] provided that appellate counsel believes that the claims that a petitioner would raise . . . would not be completely frivolous.'" *Commonwealth v. Ellison*, 851 A.2d 977, 979 (Pa.Super.2004), (citations and quotation marks omitted; emphasis in original), *appeal denied*, 862 A.2d 1253 (Pa. 2004). However,

> [b]efore a court will find ineffectiveness of counsel for failing to file a direct appeal, the defendant must prove that he requested an appeal and that counsel disregarded that request. Clearly, if a request to file a direct appeal is necessary to sustain an ineffectiveness claim based upon the failure to file a direct appeal, then such a request is also necessary where the alleged ineffectiveness is the failure to file a petition for allowance of appeal.

*Commonwealth v. Bath*, 907 A.2d 619, 622 (Pa.Super. 2006) (citations and quotation marks omitted), *appeal denied*, 918 A.2d 741 (Pa. 2007).

Attorney Frisby, appellate counsel, testified to his actions after the decision of this court *en banc*.

---

[4] PAA stands for petition for allowance of appeal.

> I remember sending [appellant] a letter after the **en banc** panel explaining their holding. I believe I included a copy of the **en banc** panel decision. And I believe my practice would be to have informed him of my belief as to the viability of the [s]upreme [c]ourt appeal. However, I don't have a distinct recollection of that letter. And, unfortunately, I provided my file to Mr. Simon and the computer where I drafted those letters has crashed and is now in a forever reboot mode so I can't actually access my digital copy of that letter anymore either.
>
> I remember sending the letter. And it's a fairly form letter, but I don't remember the exact contents of it. But I believe I would have told him, [h]ere is the [s]uperior [c]ourt opinion, here is what they decided, we can go to the [s]upreme [c]ourt in this case, I believe I would have said, I don't believe it is likely to be granted.

*Id.* at 28 (bolding and italics added). He further testified that his letter would have informed appellant of this court's decision and the reasons for the decision. (*Id.* at 35.) He would also have instructed appellant as follows:

> At this point you have a few decisions you can make. You can either request a review by the [s]upreme [c]ourt or you may elect to let it stand and review your matter in any other way including under [the] Post Conviction Relief Act. The decision is up to you. However, if you are going to file a petition for allocatur you must do so within 30 days of the date of the [s]uperior [c]ourt's opinion. Let me know how you wish to proceed.

*Id.* at 35-36. Attorney Frisby stated:

> I know I communicated with [appellant] on several occasions. I would have sent him a letter upon my appointment. I would have sent him a letter upon my filing of my initial three panel decision filing. I would have sent him a letter after receiving that three panel – three member panel decision. I would have sent

> him another letter upon the **en banc** grant. I would have sent him a letter including my brief for the **en banc** decision. And I would have included a letter after argument to give him my feeling as to how the argument went. And then [he] would have sent him another letter after receiving the **en banc** decision.

*Id.* at 36-37 (bolding and italics added). Had appellant communicated with Attorney Frisby via letter, if he wanted to do so, Attorney Frisby would have received it. (*Id.* at 38.) Furthermore, if Attorney Frisby had received correspondence from appellant, it would have been in the file he gave to David M. Simon, Esq., who was subsequently appointed to represent appellant at resentencing. (*Id.* at 39.)

The PCRA court found the issue of Attorney Frisby's ineffectiveness came "down to a question of credibility." (PCRA court Rule 1925(a) opinion, 1/8/20 at 10.) The PCRA court noted that:

> [P]rior to the second evidentiary hearing, the Commonwealth obtained and distributed copies of the correspondence it had obtained from Mr. Simon's file in his representation of [appellant]. Unfortunately, this correspondence fails to directly address the issue at hand. However, [appellant], in one piece of this correspondence, addressed his concerns regarding the merits of Mr. Simon's advice as to the withdrawal of his direct appeal, in favor of filing a PCRA petition. [Appellant] stated therein; [sic] 'I am in receipt of your letter i [sic] been doing a lot of thinking about my decision about the PCRA. So you think a PCRA is a better successful move for us? My other [l]awyer said the same thing i [sic] really don't know what to do please help me come to a decision please." (Court's Exhibit "A") The [PCRA] [c]ourt finds this comment supports Mr. Frisby's testimony that he advised [appellant] of his right to file a PAA or, in the alternative, file a PCRA petition.

*Id.* at 10-11.

The PCRA court found that appellant did not request Attorney Frisby to file a PAA. The PCRA court's credibility determinations are supported by the record, and its legal conclusions are free of legal error. Accordingly, we agree that appellant's claim of ineffective assistance of counsel is without merit.[5]

Appellant avers that the PCRA court erred when it denied him permission to amend/supplement his PCRA petition, thereby violating Pa.R.Crim.P. 905. Appellant's counsel asserts that the PCRA court should have permitted him to file a supplemental PCRA petition asserting the ineffectiveness claims, raised by Attorney Buck in her amended PCRA petition, with respect to Attorney Scott. (Appellant's brief at 14, 21-22.)

Pennsylvania Rule of Criminal Procedure 905 provides, in relevant part:

> The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.

Pa.R.Crim.P. 905(A). Our supreme court has stated that the purpose of Rule 905 is "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal

---

[5] We further note that appellant has not challenged this court's "holding on the waiver issue. As the waiver issue does not go to the merits of the appeal but, instead raises an issue of counsel's ineffectiveness to preserve the issues, it is not reviewable on direct appeal." *Id.* at 10. *See Commonwealth v. Rosenthal*, 233 A.3d 880, 886 (Pa.Super. June 8, 2020) (finding ineffective assistance of counsel claim not cognizable on direct appeal and must be deferred to collateral review).

due to a correctable defect in claim pleading or presentation." ***Commonwealth v. McGill***, 832 A.2d 1014, 1024 (Pa. 2003), citing ***Commonwealth v. Williams***, 782 A.2d 517, 526-527 (Pa. 2001). "Adherence to this liberal standard for amendment is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court." ***Commonwealth v. Crispell***, 193 A.3d 919, 930 (Pa. 2018), citing ***Commonwealth v. Flanagan***, 854 A.2d 489, 499-500 (Pa. 2004), ***affirmed and remanded for trial***, 854 A.2d 489 (Pa. 2004), ***reargument denied***, 861 A.2d 254 (Pa. 2004). The ***Flanagan*** court further found that it is left to the discretion of the PCRA courts to permit a petition to amend a PCRA petition. ***Flanagan***, 854 A.2d at 500.

However, Pennsylvania Rule of Criminal Procedure 902(B) requires that "[e]ach ground relied upon in support of the relief requested shall be stated in the [PCRA] petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief." Pa.R.Crim.P. 902(B). Further,

> it is clear from [Rule 905(A)]'s text that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing. . . . [A] petitioner may not simply amend a pending petition with a supplemental pleading." Rather, Rule 905 explicitly states that amendment is permitted only by direction or leave of the PCRA Court.

***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014) (citations and quotation marks omitted).

In addition, "[t]he assertion of a new claim after the court has heard argument and indicated its intent to dismiss the petition militates in favor of the decision to deny leave to amend." *Commonwealth v. Williams*, 732 A.2d 1167, 1191 (Pa. 1999). A petitioner "does not . . . have the right to amend his PCRA petition after the lower court has already denied it." *Commonwealth v. Jones*, 815 A.2d 598 (Pa. 2002) (citation omitted).

Here, Attorney Buck filed an amended PCRA petition asserting Attorney Simon's[6] ineffectiveness as follows:

> 21.    . . . (1) as a matter of law, Mr. Simon, Esquire, was ineffective at [appellant]'s re-sentencing for advising [appellant] that all of his issues previously raised on appeal were precluded from further review; and (2) assuming Mr. Simon withdrew the appeal at his client's request, Mr. Simon deprived [appellant] of his appellate rights by withdrawing the appeal.

Appellant's amended PCRA petition, 7/9/18 at unnumbered 4, ¶ 21.

Attorney Buck was permitted to withdraw and present counsel, Attorney Levin, was appointed. He filed an amended PCRA petition alleging that "[c]ounsel was ineffective for failing to file an [a]llocatur [p]etition to the Supreme Court of Pennsylvania." (Amended PCRA petition, 10/15/18 at 4.) In a footnote, Attorney Levin states that if appellant's issue of allocatur is denied, appellant requests to submit a supplemental PCRA petition on the issue of Attorney's Simon's withdrawal of appellant's appeal. (*Id.* at 4 n.1.)

---

[6] Resentencing and second direct appeal counsel.

Appellant's current PCRA counsel was neither precluded from asserting Attorney Simon's ineffectiveness in his October 15, 2018 amended PCRA petition, nor arguing it at the PCRA hearings. Counsel, however, contends that the matter of the ***nunc pro tunc*** appeal to the supreme court had to be decided before any other issues could be litigated. (Appellant's brief at 22.) At the September 26, 2019 PCRA hearing, Attorney Levin stated as follows:

> Your Honor, if I am filing for a ***nunc pro tunc*** then I am not able to raise any of the other issues. If he's saying my lawyer never filed an appeal either to Superior Court or Supreme Court and he also listed as ***pro se***, also the lawyer was drunk at trial or he didn't call a witness or he didn't do something else, I can't raise that because my only issue at this point is the ***nunc pro tunc*** appeal which is why it was put in there under Rule 905; that if the ***nunc pro tunc*** is disallowed, then I am allowed to raise the other issues.
>
> So I couldn't raise what Susan Buck raised about the Superior Court because the DA's Office is going to say to me, which issue are you going on; the allocatur or the Superior Court? I figure at this point, the allocatur was the better issue. If we lost on that then I want to go on the amended PCRA that Ms. Buck filed which is that David Simon filed the notice of appeal, that [sic] he wrote [appellant]. He said you can't go forward on it because the issues aren't good and the appeal was withdrawn and Mr. Simon was wrong in that regard. I -- he told me that and I don't know if he told -- that's the issue with Ms. Buck's appeal.

Notes of testimony, 9/26/19 at 10-11. Appellant cites no case law in support of this contention.

Claims may be waived, under Pa.R.A.P. 2119(a), for failure to cite to relevant case law or to otherwise develop issues in a meaningful fashion

capable of review. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924

(Pa. 2009) (indicating that "where an appellate brief fails to provide any

discussion of a claim with citation to relevant authority or fails to develop the

issue in any other meaningful fashion capable of review, that claim is waived"

(citations omitted)). Furthermore, as noted by the PCRA court:

> Since [appellant] did not seek to amend his "second amended petition," filed by Mr. Levin, to include this allegation [as to Attorney Simon's ineffectiveness], it is deemed waived. Although [appellant] mistakenly asserts that he has preserved this issue simply by making reference to it in his petition, this is insufficient in view of ***Baumhammers***.

PCRA court Rule 1925(a) opinion at 12. Thus, the allegation of error in the

PCRA court's denial of a supplemental PCRA petition by appellant is waived.[7]

For all the foregoing reasons, we affirm the September 26, 2019 order

of the PCRA court.

Order affirmed.

---

[7] To the extent that appellant would have sought to raise additional issues in his discontinued resentencing appeal, he would not have been permitted to raise any substantive issues involving his conviction, but only issues related to his resentencing.

J. S37045/20

Judgment Entered.

_Joseph D. Seletyn_
JosephD.Seletyn,Esq.
Prothonotary

Date: 12/01/2020